

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 15246876
Date Processed: 06/09/2016

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| Entity: | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| Entity Served: | Home State and County Mutual Insurance Company |
| Title of Action: | Eddie Stone vs. Safeco General Agency, Inc |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, Texas |
| Case/Reference No: | 2016-25626 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 06/09/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | Liberty Mutual on 06/08/2016 |
| How Served: | Client Direct |
| Sender Information: | Jerry V. Hernandez<br>210-293-1000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT 1

```
                                  Delivered:____6-8-16___      8150 p
                                  Process Server#:_____
                                  CAUSE NO: 201625626                  Sc4275
```

|  |  |
|---|---|
| RECEIPT NO. 0.00 CIV<br>********** TR # 73243662 |  |
| PLAINTIFF: EDDIE STONE IND & ANF SXXXXXX SXXXX & ANF EXXXXXX<br>vs.<br>DEFENDANT: SAFECO GENERAL AGENCY INC | In The  129th<br>Judicial District Court<br>of Harris County, Texas<br>129TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: HOME STATE AND COUNTY MUTUAL INSURANCE COMPANY (AN INSURANCE COMPANY)
    BY SERVING ITS REGISTERED AGENT SHELI DAWN STEINERT
    4315 LAKE SHORE DR #J   WACO TX 76710

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 21st day of April, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 5th day of May, 2016, under my hand and seal of said Court.

Issued at request of:                    CHRIS DANIEL, District Clerk
HERNANDEZ, JERRY V                       Harris County, Texas
10500 HERITAGE BLVD #102                 201 Caroline    Houston, Texas 77002
SAN ANTONIO, TX 78216                    (P.O. Box 4651, Houston, Texas 77210)
Tel: (210) 444-4444
Bar No.: 9516870                         GENERATED BY: HILL, MARCELLA DIANA   DBG//10364789

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____           copy(ies) of the
                                                                                         Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

                                                              of       County Texas

4/21/2016 5:17:15 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10246744
By: Monica Ovalle
Filed: 4/21/2016 5:17:15 PM

## 2016-25626 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| EDDIE STONE, IND & ANF SXXXXXX SXXXX & ANF EXXXXXX SXXXX | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | \_\_\_ JUDICIAL DISTRICT |
| | § | |
| SAFECO GENERAL AGENCY, INC & HOME STATE COUNTY MUTUAL INSURANCE COMPANY | § § § | HARRIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **EDDIE STONE, IND & ANF OF SXXXXXX SXXXX & ANF OF EXXXXXX SXXXX**, Plaintiffs herein, complaining of, Defendants SAFECO GENERAL AGENCY, INC. AND HOME STATE COUNTY MUTUAL INSURANCE COMPANY herein, and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

Plaintiffs are individuals residing in HARRIS County, Texas.

Defendant, SAFECO GENERAL AGENCY, INC (hereafter referred to as Defendant "SAFECO") is an insurance company licensed to do business in the State of Texas, and may be served with process herein by serving its registered agent Sheli Dawn Steinert at 4315 Lake Shore Dr. #J, Waco, Texas, 76710. ISSUANCE and SERVICE of citation is requested over this defendant at this time.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiffs seek a discovery control plan under Level 2.

Defendant, HOME STATE AND COUNTY MUTUAL INSURANCE COMPANY (hereafter referred to as Defendant "HOME") is an insurance company licensed to do business in the State of Texas, and may be served with process herein by serving its registered agent Sheli Dawn Steinert at 4315 Lake Shore Dr. #J, Waco, Texas, 76710. ISSUANCE and SERVICE of citation is requested on this Defendant at this time.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiffs seek a discovery control plan under Level 2.

## II.
## DEFENDANT'S STATUS AND VENUE

Defendants, SAFECO GENERAL AGENCY, INC and HOME STATE AND COUNTY MUTUAL INSURANCE COMPANY are corporations doing insurance business in the State of Texas and with offices, agents, and representatives in the State of Texas and in San Antonio, HARRIS County, Texas. This suit is based upon negligence, D.T.P.A. Ins. Code, violations, breach of contract, common law bad faith and other causes of action as set out herein. The obligation and duties under the contract of insurance which form the basis of this lawsuit were performable in the State of Texas. Defendants are foreign corporations, not incorporated by the laws of the State of Texas, doing business in Texas and having an agent or representative in HARRIS County, Texas.

Venue for this cause is proper in the District Courts of HARRIS County, Texas pursuant to the Texas Civil Practice and Remedies Code, including Sections 15.001,15.033,15.035,15.036, 15.037, 15.040, 15.061 and pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act.

## III.
## FACTS (COVERAGE)

On or about DECEMBER 6, 2015, Plaintiffs EDDIE STONE, IND & ANF OF SXXXXXX SXXXX & ANF OF EXXXXXX SXXXX sustained bodily injuries and property damages hereinafter described as the direct and proximate result of the negligence of a driver in the operation of a motor vehicle as more particularly alleged below. At such time, Plaintiffs, EDDIE STONE, IND & ANF OF SXXXXXX SXXXX & ANF OF EXXXXXX SXXXX were protected against loss caused by bodily injury and property damage and resulting from the ownership, maintenance or use of an uninsured\underinsured motor vehicle by a policy of insurance issued by Defendants, SAFECO & HOME, policy number Y7531454 and claim number 467648316051.

Plaintiffs would show the Court that at the time said insurance policy was purchased from Defendants, it was represented that the uninsured\underinsured motorist portion of the policy would cover the type of situation involved in the accident which occurred on or about DECEMBER 6, 2015. It was represented that Plaintiffs' damages would be covered under the policy. These representations were false and/or misleading in that Defendants denied coverage and/or failed to fulfill the terms of the policy of insurance.

## IV.
## FACTS (ACCIDENT)

Plaintiffs bring this lawsuit to recover damages arising out of an automobile collision which occurred on or about DECEMBER 6, 2015. On this date the Plaintiff, Eddie Stone was operating his vehicle when he was struck by a vehicle operated by an underinsured motorist, AUSTIN ALEXANDER, causing Plaintiff's injuries and damages. Specifically, the underinsured motorist failed to keep a proper lookout and rear-ended Plaintiff's vehicle.

## V.

## NEGLIGENT ACTS/OMISSIONS (AUSTIN ALEXANDER)

Plaintiffs would show that on the subject occasion, AUSTIN ALEXANDER, was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiffs:

a. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.417(a);

b. In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiffs herein, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.401(a);

c. In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiffs;

d. In failing to turn the vehicle to the right or left so as to avoid hitting Plaintiffs;

 e. In failing to maintain control of the vehicle prior to the subject collision, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545. 060(a);

 f. In failing to maintain an assured safe distance between his vehicle and the Plaintiffs' parked tow truck, which constitutes negligence and negligence per se, as it is in violation of Texas Transportation Code §545.062(a);

 g. In driving and operating said vehicle at a speed in excess of the posted speed limit, and is therefore prima facie evidence that the speed was not reasonable and prudent, as described by Texas Transportation Code §545.352(a); and

 h. In failing to yield the right of way to Plaintiffs' vehicle and\or disregarding a stop and go signal.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the Defendants as stated hereinabove and said injuries and damages are in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs in good faith plead the value of this case is over two hundred thousand dollars ($200,000.00) but not more than one million dollars ($1,000,000.00). Plaintiffs reserve the right to amend these amounts.

## VI.
## NEGLIGENT ACTS/OMISSIONS (USAA)

The motor vehicle being operated by the unknown driver and causing Plaintiffs' damages as described above was at all times material to this action an "uninsured\underinsured motor vehicle", as that term is defined in the policy of insurance. In this connection, Plaintiffs would show that the injuries and damages sustained by the Plaintiffs as a result of the subject collision are within jurisdictional limits of this Court.

On APRIL 6, 2016, Plaintiffs demanded that Defendants pay Plaintiffs' uninsured\underinsured motorist policy limits pursuant to the subject insurance policy, as Plaintiffs' injuries and damages are clearly in excess of the uninsured\underinsured motorist policy limits. Defendants failed and/or refused to meet Plaintiffs' said demand or to make any type of settlement offer. A true and correct copy of said

demand letter is attached hereto as Exhibit "A" and is incorporated herein as if fully set forth at length. Plaintiffs have fully complied with all of the terms of the insurance policy as a condition precedent to bringing this suit. Nevertheless, Defendants have failed and/or refused, and still fail and/or refuse to pay Plaintiffs the full benefits to which Plaintiffs are entitled under this policy as it is contractually required to do so.

## VII.
## MISREPRESENTATION (DTPA)

At the time that Plaintiffs purchased the said policy of insurance from Defendants, said Defendants represented that the insurance policy would provide Plaintiffs with reasonable and adequate benefits in the event that Plaintiffs were injured by an uninsured/underinsured motorist. The representations by the said Defendants were false, misleading and deceptive in that when the Plaintiffs were subsequently injured by an uninsured\underinsured motorist, Defendants failed and/or refused to provide Plaintiffs with reasonable and adequate benefits under the said policy of insurance.

The foregoing representations by Defendants violate 17.46(b) of the Deceptive Trade Practices-Consumer Act in that they constitute representations and conduct that:

(1) caused confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods and services;

(2) caused confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another;

(3) represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

(4) represented that goods and services where of a particular standard, quality or grade, when they were of another;

(5) represented that the policy of insurance conferred or involved rights, remedies, or delegations which it did not have, or which were prohibited by law; and

(6) failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to

Page | 5

include the Plaintiffs into the transaction into which the Plaintiffs would not have entered had the information been disclosed.

The foregoing representations by Defendants also violate Article 21.21 of the Texas Insurance Code in that they constitute representations and conduct that:

(1) were misrepresented; and

(2) contained false information.

## VIII.
## BREACH OF CONTRACT

Plaintiffs would further show that the acts and omissions on the part of the Defendants as described hereinabove, constitute a breach of contract on the part of the Defendants in that Defendants failed and/or refused to fulfill their obligations and duties under the said policy of insurance. Said breach was a proximate cause of injuries and damages to the Plaintiffs.

## IX.
## NEGLIGENT BREACH OF CONTRACT

Plaintiffs would show that the acts and omissions of the Defendants as described hereinabove constitute a negligent breach of contract on the part of Defendants in that the Defendants failed to exercise ordinary care in their handling of the Plaintiffs' underinsured motorist claim. Said negligence was a proximate cause of injuries and damages to Plaintiffs.

Specifically, Defendants failed to act as set out in paragraphs above which constitutes negligence in the performance of its contract of insurance with Plaintiffs. Further, Defendants failed to do the following:

1. Properly investigate the claims as set out above;

2. Properly hire qualified personnel to investigate the claim as set out above;

3. Properly explain the applicable portions of the insurance policy sold to Plaintiffs;

4. Properly appraise Plaintiffs of the investigation and reasons for denying coverage;

5.   Deny the Plaintiffs' claim with a reasonable basis for doing so; and

6.   Properly delaying payment due under the policy to cover Plaintiffs' damages.

## X.
## CAUSE OF ACTIONS

Plaintiffs would show that the acts and omissions of Defendants, SAFECO AND HOME as described hereinabove, constitute negligence, including, but not limited to, negligent infliction of emotional distress, and that such negligence on the Defendants, SAFECO AND HOME's part was a proximate cause of injuries and damages to the Plaintiffs.

Plaintiffs would also show that the acts and omissions of Defendants, SAFECO AND HOME as described hereinabove, constitute intentional infliction of emotional distress, which was a proximate cause of Plaintiffs' injuries and damages as stated in this petition.

In addition to the acts and omissions as set forth in the above paragraphs, Plaintiffs would show that Defendants, SAFECO AND HOME did or failed to do the following:

(1)   Failed to properly investigate Plaintiffs' claims as set out herein.

(2)   Failed to have a reasonable basis to deny Plaintiffs' claim.

(3)   Failed to hire qualified personnel to investigate and evaluate Plaintiffs' claim.

## XI.
## DAMAGES

Plaintiffs would show that as a proximate result of the Defendants' negligence, as stated hereinabove, Plaintiffs suffered the following injuries and damages:

a.   Physical pain and mental anguish in the past;

b.   Physical pain and mental anguish, which in reasonable probability, he will suffer in the future;

c.   Medical expenses in the past;

d.   Medical expenses, which in reasonable medical probability, he will incur in the

Page | 7

  future;

e.  Physical impairment in the past;

f.  Physical impairment, which in reasonable probability, he will suffer in the future;

g.  Physical disfigurement in the past;

h.  Physical disfigurement, which in reasonable probability, he will suffer in the future;

i.  Lost wages in the past; and

j.  Loss of wage earning capacity in the future.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the Defendants as stated hereinabove and said injuries and damages are in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs in good faith plead the value of this case is over two hundred thousand dollars ($200,000.00) but not more than one million dollars ($1,000,000.00). Plaintiffs reserve the right to amend these amounts.

## XII.
## UNCONSCIONABLE ACTION

In the sale of the said insurance policy and in the subsequent handling of the Plaintiffs' uninsured\underinsured motorist claim, Defendants engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of the Plaintiffs to a grossly unfair degree, as described hereinabove. The conduct of the Defendants proximately resulted in damages and injuries to the Plaintiffs.

## XIII.
## BAD FAITH AND FAIR DEALING

In handling and administering the said policy of insurance with the Plaintiffs, Defendants, SAFECO AND HOME owed a duty to Plaintiffs to act in good faith and to deal fairly with the Plaintiffs. Plaintiffs would show that the acts and omissions of the Defendants, SAFECO AND HOME, as described

hereinabove, constitute bad faith and unfair dealing on the part of these Defendants. Said conduct on the Defendants, SAFECO AND HOME's part was a proximate cause of injuries and damages to the Plaintiffs.

## XIV.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiffs have been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiffs would show the Court that he is entitled to pre-judgment interest under the Laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing of this cause, have and recover judgment against the Defendants, for the following:

a. Actual damages that is over two hundred thousand dollars ($200,000.00) but not more than one million dollars ($1,000,000.00);

b. Pre-judgment interest at the legal rate;

c. Post-judgment interest at the legal rate until the judgment is paid in full;

d. For all costs of Court; and

e. For such other and further relief to which Plaintiffs are justly entitled, at law and in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd #102
San Antonio, Texas 78216
(210) 293-1000
Fax 210-870-1475

By: _____
JERRY V. HERNANDEZ, OF COUNSEL
State Bar No. 09516870
ATTORNEYS FOR PLAINTIFFS
Email : jerry@jvhlawtexas.com

**PLAINTIFFS RESPECTFULLY DEMAND A JURY TRIAL.**